Felix J. Aulisi, J.
The petitioners bring this proceeding under article 78 of the Civil Practice Act for a review and reversal of the action and determination of the respondent Board of Water Commissioners of the Waterford Water District, Town of Waterford, Saratoga County, in adopting a resolution on November 5, 1958, wherein a charge and assessment against petitioners’ properties for water service was decided upon.
The respondents, Board of Water Commissioners and Charles S. Taylor, have cross-moved under section 1293 of the Civil Practice Act for a dismissal of the. petition on the ground, among others, that the proceeding herein was not commenced *2 within the time limited by statute. The respondent Board of Supervisors appeared specially, objects to and attacks the jurisdiction of this court on the same grounds.
The petitioners are owners or real property in an area of the Waterford Water District designated as “ North of Lea Avenue on Middletown Road ’ ’ where the construction of a number of home necessitated a bond issue to finance the extension of a new water line and new reservoir tank. To meet the payments due on the cost of the new construction which was of particular benefit to the petitioners and other property owners on the upper Middletown Road, the Water Commissioners on November 5, 1958, adopted a resolution making a ‘ ‘ tapping ’ ’ charge of $300 to a consumer in said area. This was $200 more than the service charge in other areas of the Waterford Water District and petitioners contend that this is arbitrary, discriminatory and illegal.
The petitioner H. F. Horn who has constructed several dwelling houses in said area requested the Water District, in writing, to connect the service pipes of Said houses with the water main operated by said district. Thereafter he conveyed the houses to the other petitioners herein. On Jamiary 14, 1959, and again on June 2, 1959, Mr. Horn protested the matter of the charge to the Water Commissioners but did not initiate this proceeding until November 16, 1961. I fear' that he is too late.
Section 1286 of the Civil Practice Act requires that proceedings in the nature of certiorari to review or mandamus be commenced within four months from the date of the determination to be reviewed becomes final and binding. Section 1286 reads as follows í “ Unless a shorter time limitation is expressly provided in the law under which the proceeding is authorized, a proceeding under this article to review a determination or to compel performance of a duty specifically enjoined by law, must be instituted by service of the petition and accompanying papers, as prescribed in section twelve hundred eighty-nine of this article, within four months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be.”
On the face of the petition and the other papers submitted in this proceeding I feel and am constrained to conclude that this court does not have jurisdiction or power to review and reverse the determination of the Board of Water Commissioners.
*3 I, therefore, decide that the petition herein should be dissmissed, without prejudice however, to any right of action which the petitioners herein may have to cancel any levy or assessment of charges against their respective properties or to enjoin the collection of tax liens arising therefrom.